# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND



| | | |
|---|---|---|
| KURT J. ELLINGER, | * | |
| | * | |
| v. | * | Civil No. JFM-98-3272 |
| | * | |
| THOMAS C. FRAZIER, | * | |
| COMMISSIONER. | * | |
| | * | |

\*\*\*\*\*

## MEMORANDUM

Plaintiff Kurt Ellinger has brought this action against defendant Thomas Frazier, the Commissioner of the Baltimore Police Department, under the Americans with Disabilities Act ("ADA"), claiming that he was denied a promotion based on Frazier's perception that Ellinger suffered from a disability. Defendant Frazier has filed a motion for summary judgment. The motion will be granted.

I.

Ellinger began working for the Baltimore Police Department in January 1981. In 1990, he injured his back. Two years later, on March 3, 1992, he was diagnosed with a herniated disc. After taking a few weeks medical leave, Ellinger returned to work in April 1992. Unfortunately, his back problems became so severe that he was immobile for four months and was absent from work from April to October 1992. Upon his return to work, he was temporarily placed on limited duty assignments in the Casual Section, Missing Persons. Since September 28, 1994 Ellinger has been performing his full and regular duties as a sergeant.





In 1994, Ellinger took an oral and written promotional examination for the rank of lieutenant, and as a result was ranked twenty-ninth on the list. After a series of departmental promotions in May of 1995 and 1996, Ellinger became the top ranked candidate on the list. Commissioner Frazier made another set of promotions on September 6, 1996, but skipped over Ellinger. Instead, Frazier promoted the candidates who were then ranked second, fifth, and sixth on the list. Ellinger contends that the sole basis for his being passed over for promotion was a perception by Frazier that Ellinger suffered from a disability due to his herniated disc. Ellinger filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 21, 1997.[1] On February 13, 1998 Ellinger was issued a right-to-sue letter by the EEOC.

II.

In order to have a "disability" as defined by the ADA an individual must either have an actual disability, have a record of a disability, or be regarded as having a disability. See 42 U.S.C. § 12102(2). Since Ellinger acknowledges that he is not actually disabled and has no record of a disability, he can only argue that he was regarded as having a disability. To prove a "disability" in this manner, the plaintiff must demonstrate that he or she is "regarded as" having an impairment that substantially limits one or more major life activities. See 42 U.S.C. § 12102(2)(C); Sutton v. United Air Lines, Inc., 119 S.Ct. 2139, 2149 (1999). Major life activities include "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking,

---

[1] Frazier argues that the claim should be time barred since Ellinger filed his EEOC charge 227 days after the alleged act of discrimination. Frazier maintains that Ellinger did not file with the Maryland state deferral agency and is subject to the 180-day filing requirement under § 2000e-5(e). This view is mistaken. Under Supreme Court precedent, it is well settled that charges initially filed with the EEOC in states where there is a deferral agency are timely if filed within 300 days of the act of discrimination. See EEOC v. Commercial Office Prods. Co., 486 U.S. 107 (1988); Mohasco Corp. v. Silver, 447 U.S. 807 (1980).

breathing, learning, and working." 29 C.F.R. § 1630.2(i). Therefore, to make a prima facie showing, Ellinger must show that Frazier mistakenly regarded him as having an impairment that substantially limited a major life activity. Ellinger has failed to do this.

In an effort to prove that Frazier perceived him as disabled, Ellinger submits evidence that indicates that departmental promotions generally occurred in the order of rank on the list, unless there was an identifiable reason to pass over a candidate. In addition, Ellinger suggests that Frazier, in making the promotion decisions, had access to Ellinger's quality assurance report, which contained information about his prior back injury. Ellinger insists that there are no other identifiable reasons why Frazier would have failed to promote him.[2] Therefore, Ellinger concludes that Frazier did not promote him due to Frazier's mistaken perceptions of his medical condition.

Given these facts, Frazier is entitled to a judgment as a matter of law. Even if I were to agree that the evidence submitted confirmed that Frazier did not promote Ellinger due to his herniated disc, there is no evidence that proves Frazier believed Ellinger to be disabled under the ADA. In a similar case, the Second Circuit held that "[i]t is not enough, however, that the employer regarded that individual as somehow disabled; rather, the plaintiff must show that the employer regarded the individual as disabled within the meaning of the ADA." Colewell v. Suffolk County Police Dep't, 158 F.3d 635 (2nd Cir. 1998) rev'g 967 F.Supp. 1419 (E.D.N.Y. 1997). In the present case, no reasonable jury could find that Frazier thought Ellinger's herniated

---

[2] Frazier stated in his deposition that Ellinger received an unfavorable recommendation from his district commander, Major Steven McMahon. Ellinger maintains that this could not have been a possible factor since the negative recommendation occurred after he was passed over for a promotion. Viewing the evidence most favorably to Ellinger, I will assume that Frazier could not have relied on the negative evaluation.

disc was an impairment that substantially limited a major life activity. Ellinger had been working since September 1994 on regular active full-time status as a sergeant when Frazier made his promotion decisions. There is no plausible reason, and Ellinger has suggested none, why Frazier would believe Ellinger, who was working regular status, had an impairment that substantially limited him in a major life activity. Even Ellinger's temporary placement on limited duty would be insufficient to support his theory that Frazier misperceived him as being disabled. See id. at 647 ("Assignment [of police officers] to light duty status . . . does not support the inference that the County viewed them as disabled"). Therefore, there is no evidence that permits the inference that Frazier perceived Ellinger as disabled within the meaning of the ADA.

For these reasons, defendant's motion for summary judgment is granted. A separate order to that effect is being entered herewith.

/January 18, 2000/
Date

/s/ J. Frederick Motz
J. Frederick Motz
United States District Judge